USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEX CHRISTIE,

        Petitioner,

-against-

UNITED STATES OF AMERICA

        Respondent.
------------------------------------------------------------x

15 Cr. 00288 (RMB) - 10
18 Civ. 04762 (RMB)

**DECISION & ORDER**

I.    **Background**

On May 21, 2018, Alex Christie ("Christie" or "Petitioner") appearing pro se petitioned, under 28 U.S.C. § 2255, to vacate his sentence of 126 months' imprisonment imposed on May 10, 2017. See Motion to Vacate, dated May 21, 2018 ("Pet.'s Motion"); see also Judgment as to Alex Christie, dated May 10, 2017, at 1. Christie had pled guilty before this Court on October 19, 2016, to conspiring to distribute, and possessing with intent to distribute, 28 grams of cocaine base as part of the so-called Bronx "213 DTO" gang in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and to possessing a firearm in furtherance of that narcotics conspiracy in violation of 18 U.S.C. § 924(c). See Transcript, dated Oct. 19, 2016 ("Plea Allocution Tr."), at 25; Plea Agreement, dated October 18, 2016 ("Plea Agreement"); Final Presentence Investigation Report, dated January 10, 2017 ("PSR"), at 7. Christie's stipulated Sentencing Guidelines range was 130 to 147 months based upon an Offense Level of 27 and a Criminal History Category of I. See Plea Allocution Tr. at 22. Christie did not file a direct appeal following his sentencing. Christie was represented by CJA counsel Cesar De Castro, Esq. ("De Castro").

1

Also, by way background, on November 23, 2015, Petitioner was indicted following a narcotics trafficking investigation. See Government Memorandum in Opposition, dated October 5, 2018 ("Govt. Opp'n"), at 2. Following his arrest on December 10, 2015, the Government disclosed to Christie the evidence gathered by law enforcement, which included, among other things, physical evidence and witness testimony. Id. at 2-3.

Christie contends here that De Castro provided ineffective assistance to him by: **(1)** "failing to move to suppress the drugs found and the statements made during Petitioner's arrest"; **(2)** "erroneously [advising] Petitioner to plead guilty to the § 924(c) [gun] charge, denying him the opportunity to challenge the authenticity of the firearms"; and **(3)** "[failing] to ensure Petitioner was sentenced based on materially accurate information" regarding drug weight. See Petitioner's Memorandum of Law, dated July 23, 2018 ("Pet.'s Memo"), at 6. According to Christie, De Castro "caused Petitioner to make an involuntary and unknowing plea and be sentenced based on a fundamentally inaccurate guidelines range." Id.

On September 8, 2016, Petitioner's counsel filed a motion to suppress evidence which he alleged was "obtained in [an] unlawful and warrantless search." See Memorandum in Support of Petitioner's Pretrial Motion to Suppress, dated September 8, 2016, at 2. But on October 18, 2016, prior to a suppression hearing, Petitioner withdrew his suppression motion and pled guilty to the drug conspiracy and the gun charge. Gov.'t Opp'n at 4; Letter Motion, dated Oct. 18, 2016 ("With this letter, Mr. Christie withdraws [his] motion to suppress."). Defense counsel De Castro submitted an affirmation, dated February 22, 2019, in he which states, among other things, that he and Christie "read through the [plea] agreement and I answered any and all questions [Christie] had. . . . Being informed about the terms of the plea agreement and the facts as we knew them at the time, Mr. Christie chose to plead guilty. Accordingly, he advised me to

2

withdraw the motion to suppress and schedule the plea proceeding." Affirmation of Cesar De Castro, dated Feb. 22, 2019 ("De Castro Aff."), at 5-6. De Castro also affirms "Mr. Christie chose to plead guilty knowingly, voluntarily, and of his free will." Id. at 6.

In his Plea Agreement, Christie stipulated that his Guidelines Range was 130 to 147 months imprisonment and that there was a mandatory minimum term of incarceration of 120 months. See Plea Agreement at 3. Christie also acknowledged that "Count One of the Indictment charges the defendant with conspiring to distribute and possess with the intent to distribute 280 grams or more of mixtures and substances containing cocaine base . . . . however, the Government will accept a guilty plea allocution from the defendant to conspiring to distribute and possess with the intent to distribute 28 grams or more of mixtures and substances containing cocaine base in satisfaction of Count One." Id. at 1; see also Plea Allocution Tr. at 21-22. Christie also waived his rights to "file[] a direct appeal, []or bring a collateral challenge, including [under 28 U.S.C. § 2255] . . . []or seek a sentence modification . . . of any sentence within or below the Stipulated Guidelines Range of 130 to 147 months' imprisonment." Id. at 4. The appeal waiver excluded the right to "assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise." Id. at 5.

During his plea allocution on October 19, 2018, Christie confirmed that he had been given a full opportunity to discuss all aspects of his case with counsel, including any possible defenses that he might have had to the charges to which he was pleading guilty; that he was fully satisfied with counsel's legal advice; and that he was pleading guilty because he was guilty of both charges, i.e., that he "did possess 28 grams of crack cocaine to distribute in the Bronx" and that he "did possess firearms in the Bronx as part of [the] drug conspiracy." See Plea Allocution Tr. at 7, 22, 25-26; see also Christie Advice of Rights Form, dated Oct. 19, 2016 ("I am pleading

3

guilty because after discussing the case with my attorney I believe that I am guilty. I am satisfied with how my attorney has represented me."). Christie also confirmed that he had agreed with the Government to an Offense Level of 27 and a Criminal History Category of I, which carried with it a mandatory minimum term of 120 months imprisonment. See Plea Allocution Tr. at 21-22 (Court: "The parties also agree that the offense level is 27, the criminal history is I, and the sentencing [guidelines] range is 130 to 147 months. The way they get to that number is they agree that the range is 70 to 87 months for Count One plus 60 months consecutive for Count Two. Is that a fair understanding?" Christie: "Yes." . . . Court: "So you understand, Mr. Christie, that the mandatory minimum term of imprisonment – and I said this before but I want to make sure that you understand it – is 120 months in your case?" Christie: "Yes, your honor.").

**For the reasons set forth below, Christie's Petition [#1] is denied.[1]**

## II. Legal Standard

Collateral relief under § 2255 is available "only for a constitutional error...or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "Because collateral challenges are 'in tension with society's strong interests in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (quoting Ciak v. United States, 59 F.3d 269, 301 (2d Cir. 1995)).

---

[1] **Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.**

4

"[S]crutiny of counsel's performance must be highly deferential because we must apply a strong presumption that counsel's conduct falls within in the wide range of reasonable professional assistance." Rivas v. Fisher, 780 F. 3d 529, 546 (2d Cir. 2015). A petitioner must (also) affirmatively prove prejudice, which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. "A defendant . . . will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." Lee v. United States, 137 S. Ct. 1958, 1966 (2017).

### III. Analysis

#### (1) No Ineffective Assistance of Counsel Related to Motion to Suppress

Petitioner's claim that counsel was ineffective for allegedly advising him to withdraw his motion to suppress fails. See Giwah v. United States, 101 F.3d 685 (2d Cir. 1996) (petitioner's "contention that he was denied effective assistance of counsel by reason of his attorney's failure to move to suppress evidence provides no ground for relief because . . . a defendant who pleads guilty admits his guilt, waives all nonjurisdictional defenses, and may not assert such defenses by way of collateral attack"); Lugo v. Artus, 2008 WL 312298, at *4 (S.D.N.Y. Jan. 31, 2008) ("by pleading guilty, [petitioner] [] removed [his] ineffective assistance of counsel claim based on his attorney's failure to file a suppression motion"); Rivera v. United States, 2011 WL 2208615, at * 3 (S.D.N.Y. Jun. 3, 2011) (denying an ineffective assistance of counsel claim where "th[e] [c]ourt properly dismissed [petitioner's claim relating to a motion to suppress evidence] as moot in light of [petitioner's] guilty plea").

At Christie's plea allocution, which, as noted at p. 2 supra, occurred prior to the scheduled suppression hearing, Christie's counsel advised the Court that Christie "withdrew [his]

5

application [for suppression] because [he] intend[s] to plead guilty today." Plea Allocation Tr. at 2; see also De Castro Aff. at 5 ("Being informed about the terms of the plea agreement and the facts as we knew them at the time, Mr. Christie chose to plead guilty. Accordingly, he advised me to withdraw the motion to suppress and schedule the plea proceeding"). Christie's plea, among other things, acknowledged a lower amount of drugs than was set forth in the Indictment which, in part, gave rise to Court's significantly below guidelines sentence. See id. at 11. Petitioner willfully and knowingly pled guilty to the drug conspiracy charge (and the gun charge). Plea Allocation Tr. at 26 (Court: "Could you tell me in your own words what it is that you did that makes you believe that you are guilty of Count One and Count Two, Count One being the narcotics conspiracy and Count Two being the possession of a firearm?" Christie: "In Count One I did possess 28 grams of crack cocaine to distribute in the Bronx." Court: "During what time period?" Christie: "During 2014 to 2015." Court: "Did you do that in combination or in agreement [with others]?" Christie: "In agreement with others." Court: "With other people?" Christie: "Yes, your Honor." Court: "You knew that was illegal?" Christie: "Yes, your honor."). Christie's admissions have a strong presumption of veracity. See United States v. Robinson, 2015 WL 8073757, at *5 (quoting United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). When a defendant seeks to challenge the voluntariness of his plea, "he may not rely on 'bald statements that simply contradict what he said at his plea allocution.'" Id.[2]

---

[2] Even assuming arguendo that the Court were to reach the merits of Christie's suppression motion, Petitioner's claim would likely be denied. See Clark v. Duncan, 309 F. App'x 528, 530 (2d Cir. 2009). Christie does not offer any evidence in his Petition to suggest that his motion to suppress would have been successful. And, Christie does not remotely rebut the Government's proffer that evidence would establish that Christie's "arrest was fully supported by probable cause" because, among other things, a police officer "observed [Christie] in possession of what the officer recognized as a package containing illegal narcotics." Gov't Opp'n at 4.

6

### (2) No Proof of Ineffective Assistance of Counsel Related to Firearm Charge

Petitioner claims that his counsel's advice to plead guilty to the firearm charge was "objectively deficient" because he was "under the erroneous belief that he could not challenge the fake firearms [evidence]." Pet.'s Memo at 7. This claim is unavailing for at least two reasons. First, Petitioner testified at his plea allocution that he was, in fact, guilty of the firearm charge and he conceded that he "did possess firearms in the Bronx as part of [the] drug conspiracy." See Plea Allocution Tr. at 26 (Court: "So [the AUSA] is asking about the firearm, if you intentionally possessed the firearm or firearms in connection with that drug conspiracy?" Christie: "Yes, your Honor." Court: "In other words, you were aware that you had a firearm?" Christie: "Yes, your Honor."). And, in signing his Plea Agreement, Christie acknowledged "using, carrying, and possessing firearms during and in relation to [the] narcotics conspiracy." Plea Agreement at 1. There is a strong presumption that Petitioner's sworn statements are true. See United States v. Grzybek, 283 F. App'x 843, 845 (2d Cir. 2008) ("It is well established that '[a] criminal defendant's self-inculpatory statements made under oath at this plea allocution carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them.'"); Acevedo v. United States, 2012 WL 3764544, at *4 (S.D.N.Y. Aug. 30, 2012).

Second, the Government had proffered that it would be able to prove Petitioner's commission of Count Two (and Count One) "primarily . . . through the testimony of multiple witnesses who observed the defendant regularly carrying firearms when he trafficked narcotics." Opp.'n Memo at 8; see also Plea Allocution Tr. at 24-25 (Court: "So let me turn to the government and ask what the government thinks it would be able to prove if this case were to go to trial . . . ." AUSA Johnson-Skinner: "The government's evidence in this case would include

7

wiretap calls, drugs seized from the defendant, witness testimony, video evidence, all of that would show that the defendant committed the two crimes charged in the indictment."). And, Christie's counsel affirms that he advised Christie that "the government was not only alleging that the firearms in the rap video [i.e., which Christie contends are fake] were real based on witness accounts but that it was also alleging that he possessed other firearms at different times. I also informed [Christie] that the government had informed me that it was investigating Mr. Christie's potential discharge of firearms in furtherance of the narcotics conspiracy." De Castro Aff. at 4. In sum, Petitioner fails completely to rebut the likelihood that "accepting a guilty plea [] offer[ed] him a better resolution than would be likely after trial." Lee, 137 S. Ct. at 1966.

### (3) No Proof of Ineffective Assistance of Counsel Related to Drug Weight

Petitioner's claim regarding the decision not to challenge drug weight is also unavailing. Christie was, as noted, sentenced based upon 28 grams of cocaine base, which was markedly lower than the amount (280 grams) set forth in the Indictment and consistent with the terms of the Plea Agreement. In signing the Plea Agreement, Petitioner acknowledged that "Count One of the Indictment charges the defendant with conspiring to distribute and possess with the intent to distribute 280 grams or more of mixtures and substances containing cocaine base . . . . however, the Government will accept a guilty plea allocution from the defendant to conspiring to distribute and possess with the intent to distribute 28 grams or more of mixtures and substances containing cocaine base in satisfaction of Count One." Plea Agreement at 1; see also PSR at n.2 ("Under the terms of [Christie's] plea agreement . . . the Government will accept a plea allocution from [Christie] to conspiring to distribute and possess with intent to distribute 28 grams or more of cocaine base in satisfaction of Count 1.). "'Evidentiary support' for a particular drug weight is not required where the defendant stipulates to that weight." See United States v. Sinclair, 2013

8

WL 3716898, at *5 (S.D.N.Y. Jul. 16, 2013), citing to United States v. Culbertson, 670 F.3d 183, 189-90 (2d Cir. 2012).

The plea allocution transcript also shows that Petitioner knowingly and willfully pled guilty to the drug charge and to an Offense Level of 27 and a Criminal History Category of I. See Plea Allocution Tr. at 21-22 (Court: "So I want to go back to that plea agreement for a moment . . . did you read it carefully before you signed it? Christie: "Yes." Court: "Did you discuss it fully with your attorney before you signed it?" Christie: "Yes." Court: "The [plea] agreement speaks for itself in its entire[t]y. [But] [t]here are some [aspects] I want to highlight. First of all, in the agreement the parties agree . . . that the offense involved at least 280 grams but less than 840 grams of cocaine base. Is that a fair understanding of what is in the agreement?" Defense Counsel: "That's correct." Court: "The parties also agree that the offense level is 27, the criminal history is I, and the sentencing [guidelines] range is 130 to 147 months. The way they get to that number is they agree that the range is 70 to 87 months for Count One plus 60 months for Count Two. Is that a fair understanding?" Christie: "Yes."). And, Petitioner's counsel affirms that he "advised Mr. Christie of the representations made by the government regarding its belief of the drug weight attributable to him," and "[a]fter being advised of all his options and all of the provisions of the plea agreement, Mr. Christie chose to plead guilty knowingly, voluntarily, and of his free will." De Castro Aff. at 6.

The record contains overwhelming support for finding that Christie was responsible for conspiring to distribute and possessing 28 grams or more of cocaine base. See, e.g., PSR at 7-9; Plea Allocution Tr. at 26; Christie's Sentencing Submission, dated April 26, 2017, at 4; Government's Sentencing Submission, dated May 7, 2017, at 2-3; see also Sinclair v. United States, 2013 WL 3716898, at *6 (S.D.N.Y. July 16, 2013).

**Certificate of Appealability**

The Court does not recommend that a certificate of appealability be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).

## IV. Conclusion & Order

For the reasons stated herein, Petitioner's motion [#1] is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
February 25, 2019

_____
RICHARD M. BERMAN
U.S.D.J.