USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Government,

- against -

ALEX CHRISTIE,
                    Defendant.
------------------------------------------------------------x

15 Cr 288 (RMB)
18 Civ 4762 (RMB)

**ORDER**

Background

On or about August 8, 2019, Defendant Alex Christie filed a "Motion to Request an Extension of Time and/or Reconsideration in the § 2255 Proceedings". This motion appears to relate to Christie's motion pursuant to 28 U.S.C. § 2255, dated May 21, 2018, and his "response", dated November 19, 2018. The Government had filed an opposition to Christie's § 2255 motion, dated October 5, 2018 in which it argued that the "Petition should be denied without a hearing because the defendant has failed to overcome the strong presumption that defense counsel's conduct was reasonable and failed to demonstrate any prejudice as a result of defense counsel's alleged deficiency." Govt Opposition at 1.

The Court issued a Decision and Order, dated February 25, 2019, denying Defendant's § 2255 motion, noting, among other things, that: "During his plea allocution on October 19, 2016, Christie confirmed that he had been given a full opportunity to discuss all aspects of his case with counsel, including any possible defenses that he might have had to the charges to which he was pleading guilty; that he was fully satisfied with counsel's legal advice; and that he was pleading guilty because he was guilty of both

-1-

charges, [in] that he 'did possess 28 grams of crack cocaine to distribute in the Bronx as part of [the] drug conspiracy.'" Decision and Order dated Feb. 25, 2019 at 3. The Court also noted that Christie "testified at his plea allocution that he was, in fact, [also] guilty of the firearms charge and he conceded that he 'did possess firearms in the Bronx as part of [the] drug conspiracy.'" Id. at 7. ( A copy of the Court's Decision and Order is attached hereto.)

Ruling

Christie's August 8, 2019 motion is denied, as follows:

1) After full consideration of the record, including without limitation Christie's response to the Government's October 5, 2018 opposition, the Court denied the § 2255 motion in the Decision and Order, dated February 25, 2019;

2) Even assuming Christie's August 8, 2019 motion was properly filed and was timely, Defendant presents no controlling decisions or data the Court overlooked in rendering its Decision and Order, dated February 25, 2019. "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." Cartier, A Div. Of Richemont N.Am., Inc. V. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotations and citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995);

3) A motion for reconsideration which "seeks to add a new ground for relief or []attacks the federal court's previous resolution of a claim on the merits qualifies as a

successive habeas petition. . . Accordingly, a district court can entertain it only if the Second Circuit certifies it." Elliott v. United States, 2020 WL 127640, *2, Nos. 17 Cr 128, 19 Cv 5884 (E.D.N.Y. Jan. 10, 2020) (internal quotations and citation omitted). Christie offers no evidence of a Second Circuit certification of his application.

Conclusion and Order

Based upon the foregoing, Defendant's motion [#11 18 cv 4762 and #989 15 Cr 288] is denied.

Dated: New York, New York
       January 15, 2020

*RMB*

_____
**RICHARD M. BERMAN, U.S.D.J.**

Copies Mailed By Chambers